MATTHEW BROWN, trustee in bankruptcy, *vs.* PALMER CLAY
PRODUCTS COMPANY.

Suffolk.    December 4, 1934. — March 5, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Bankruptcy,* Preference. *Jurisdiction.*

In determining whether a payment to a creditor by one afterwards ad-
judicated a bankrupt was a preference under § 60 a, b, of the national
bankruptcy act as amended, the effect of the payment upon the re-
spective percentages of claims received by that creditor and the other
creditors of the same class must be determined as of the time when the
petition in bankruptcy was filed, not the time when the payment was
made. Following *Rubenstein* v. *Lottow,* 223 Mass. 227.

Unless and until the Supreme Court of the United States shall have
reached a conclusion upon a question involving a Federal statute,
State courts are not precluded from exercising their own judgments
thereon; they are not concluded by decisions of other Federal courts.

CONTRACT. Writ in the Municipal Court of the City of
Boston dated May 23, 1933.

The action was heard in the Municipal Court by *Dowd,* J.
Material evidence is described in the opinion. The judge

found for the plaintiff in the sum of $1,688.29 and interest, and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

E. F. Smith, for the defendant.

M. Brown, for the plaintiff.

CROSBY, J.  This is an action of contract brought by a trustee in bankruptcy to recover from the defendant certain payments alleged to have been made by the bankrupt Metropolitan Builders Supply Co. to the defendant, which payments are alleged by the plaintiff to be preferences. The answer was a general denial.

It appeared that on January 14, 1933, an involuntary petition in bankruptcy was filed against the Metropolitan Builders Supply Co. and Matthew Brown was duly elected trustee in bankruptcy of the company on February 28, 1933, and duly qualified.  At the close of the trial, the defendant made certain requests for rulings.  The judge denied request numbered 8 which was as follows: "The burden is on the plaintiff to prove that each of the payments received by the defendant had the effect of enabling the defendant to receive a greater percentage of its claim than other creditors of the same class could at the time of each payment have received."  In passing upon this request he said: "Not a correct statement of the law. . . . Preference is determined as of the date of filing the petition." The judge found that "on November 8, 1932, and thereafter, the defendant had reasonable cause (1) to believe that the Metropolitan Builders Supply Co. was insolvent and (2) that payments made thereafter to them by the said Metropolitan Builders Supply Co. would effect a preference over other creditors of the same class. . . ."  He found for the plaintiff in the sum of $1,688.29, with interest from the date of the writ.  The case was reported to the Appellate Division.  The report was dismissed, and the defendant appealed.

The only question argued by the defendant before this court is as to the time when a preference is to be determined. It is the contention of the defendant (1) that whether a payment operates as a preference is to be determined as of

the time it is made, "or not at all"; and (2) that whether a creditor, who is alleged to have received a preferential transfer, has received a greater percentage of his debt than other creditors of the same class is to be determined as of the time of actual payment or transfer. The question presented involves the construction of § 60 a, b, of the bankruptcy act (Act of July 1, 1898, c. 541; 30 U. S. Sts. at Large, 544, 562, as amended by Act of February 5, 1903, 32 U. S. Sts. at Large, 799, c. 487, § 13, and by Act of June 25, 1910, 36 U. S. Sts. at Large, 842, c. 412, § 11). The defendant relies upon certain Federal cases which support its contentions. See *W. S. Peck & Co.* v. *Whitmer*, 231 Fed. Rep. 893; *Haas* v. *Sachs*, 68 Fed. Rep. (2d) 623. The construction of § 60 a, b, in these cases is directly contrary to that given by this court to the same section in *Rubenstein* v. *Lottow*, 223 Mass. 227. No decision of the Supreme Court of the United States interpreting this section in the present particular has been cited and none has been found. The case of *Rubenstein* v. *Lottow* is controlling. No occasion is presented for overruling it. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 196. It has been referred to with apparent approval in *Cohen* v. *Goldman*, 250 Fed. Rep. 599, 601. It was likewise cited in a recent decision of this court discussing § 60 a of the bankruptcy act. *Baker* v. *Chisholm*, 268 Mass. 1, 7. In the absence of a contrary decision by the Supreme Court of the United States it must be accepted as sound and determinative of the present case. *County of Berkshire* v. *Cande*, 222 Mass. 87, 89. *Morse* v. *Stober*, 233 Mass. 223, 227. Unless and until the Supreme Court of the United States reaches a conclusion, State courts are not precluded from exercising their own judgments upon questions involving Federal statutes. They are not concluded by decisions of other Federal courts. *Gehlen* v. *Patterson*, 83 N. H. 328, 330. *Noble* v. *Dibble*, 119 Wash. 509, 511. *Burnham* v. *Fort Dodge Grocery Co.* 144 Iowa, 577, 580. *Nebraska State Bank of Valparaiso* v. *Citizens State Bank of Thedford*, 122 Neb. 522, 526. However, respectful consideration should be given to decisions of Federal circuit courts of appeal.

The cases cited by the defendant have been examined. We realize that uniformity in the interpretation of the bankruptcy act is desirable. Nevertheless we are of opinion that the case of *Rubenstein* v. *Lottow*, 223 Mass. 227, should not be overruled. The construction of § 60 a, b, of the act adopted by the Appellate Division in this case was warranted.

It follows that there was no error in the denial of the defendant's eighth request.

*Order dismissing report affirmed.*