## PALMER CLAY PRODUCTS CO. v. BROWN, TRUSTEE.

No. 125. Argued December 13, 1935.—Decided February 10, 1936.

*Mr. Edward F. Smith*, with whom *Messrs. Frank H. Pardee* and *F. Paul Welsch* were on the brief, for petitioner.

*Mr. Matthew Brown*, with whom *Mr. Harrison J. Barrett* was on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

In the Municipal Court of Boston, Matthew Brown, trustee in bankruptcy of Metropolitan Builders' Supply Company, brought this action against Palmer Clay Products Company, to recover as preferences amounts received on account of an overdue debt. The court found as facts that the defendant had received several such payments within the four months preceding the filing of the petition

in bankruptcy; and that at the time of each payment it had reasonable cause to believe that the debtor was insolvent, and also that such payment would effect a preference over other creditors of the same class. It refused to rule that the burden rested on the plaintiff to prove further that each payment had the effect of enabling the defendant to receive a greater percentage of its debt than other creditors of the same class could have received at the time of such payment if the assets had then been liquidated. Judgment for $1,843 was entered pursuant to the rescript of the Supreme Judicial Court of Massachusetts, 290 Mass. 108; 195 N. E. 122, which, in approving the action of the trial court, followed *Rubenstein* v. *Lottow*, 223 Mass. 227; 111 N. E. 973. We granted certiorari because the decision, while in accord with *Bronx Brass Foundry, Inc.* v. *Irving Trust Co.*, 76 F. (2d) 935, in the Second Circuit, and *Commerce-Guardian Trust & Savings Bank* v. *Devlin*, 6 F. (2d) 518, in the Sixth Circuit, conflicts with *W. S. Peck & Co.* v. *Whitmer*, 231 Fed. 893, and other cases in the Eighth Circuit.[1]

The question for our determination is the construction to be given to §§ 60 (a) and (b) of the Bankruptcy Act.[2]

---

[1] See *Mansfield Lumber Co.* v. *Sternberg*, 38 F. (2d) 614; *Haas* v. *Sachs*, 68 F. (2d) 623. Also, *Eyges* v. *Boylston Nat. Bank*, 294 Fed. 286 (D. Mass.); *Jentzer* v. *Viscose Co.* (S. D. N. Y.), 13 F. Supp. 540.

[2] The applicable provisions are:

"Sec. 60 (a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition . . . made a transfer of any of his property, and the effect of the enforcement of such . . . transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

"Sec. 60 (b) If a bankrupt shall have . . . made a transfer of any of his property, and if, at the time of the transfer . . . the

The petitioner contends that a creditor who receives a part payment of his claim does not receive a preference, although he has reason to believe that the debtor is insolvent, provided the debtor's assets at the time of the payment would, if then liquidated and distributed, be sufficient to pay all the creditors of the same class an equal proportion of their claims.

Whether a creditor has received a preference is to be determined, not by what the situation would have been if the debtor's assets had been liquidated and distributed among his creditors at the time the alleged preferential payment was made, but by the actual effect of the payment as determined when bankruptcy results. The payment on account of say 10% within the four months will necessarily result in such creditor receiving a greater percentage than other creditors, if the distribution in bankruptcy is less than 100%. For where the creditor's claim is $10,000, the payment on account $1000, and the distribution in bankruptcy 50%, the creditor to whom the payment on account is made receives $5500, while another creditor to whom the same amount was owing and no payment on account was made will receive only $5000. A payment which enables the creditor "to obtain a greater percentage of his debt than any other of such creditors of the same class" is a preference.

We may not assume that Congress intended to disregard the actual result, and to introduce the impractical rule of requiring the determination, as of the date of each payment, of the hypothetical question: What would have been the financial result if the assets had then been liquidated and the proceeds distributed among the then creditors?

*Affirmed.*

---

bankrupt be insolvent and the . . . transfer then operate as a preference, . . . it shall be voidable by the trustee and he may recover the property or its value from such person."