**NEW YORK CREDIT MEN'S ASS'N v. HASENBERG et al.**

District Court, S. D. New York.

Dec. 12, 1938.

Hahn & Golin, of New York City (J. Jacob Hahn, of New York City, of counsel), for plaintiff.

Wegman & Climenko, of New York City, for defendant Hasenberg.

Lewis Landes, of New York City, for defendant Bernfeld.

Jack Hirsch, of New York City, for defendant Futterman.

BURKE, District Judge.

The bankrupt was adjudicated on or about September 16, 1937, pursuant to an involuntary petition filed August 21, 1937, The plaintiff was appointed Trustee and seeks to recover from the defendants, who are officers and directors of the bankrupt, the sum of $4,551.27, that being the total amount of four payments made by the bankrupt to the defendant Hasenberg between June 7 and June 12, 1937. The payments to Hasenberg are alleged to have been made when the bankrupt was insolvent with intent to prefer Hasenberg over other creditors of the same class and that at the times of said payments the defendant Hasenberg knew or had reasonable cause to believe that the bankrupt was insolvent and that he was obtaining a preference, all in violation of Section 60b of the Bankruptcy Act, 11 U.S.C.A. § 96(b). It is also alleged that the payments to Hasenberg were invalid under Section 15 of the Stock Corporation Law, Consol.Laws, c. 59, because they were made at a time when the bankrupt was insolvent, with the intention of giving Hasenberg a preference and that the defendants Bernfeld and Futterman as officers of the bankrupt knew a preference was being given and participated in the transaction.

The bankrupt was engaged in the business of making dresses in New York City. Hasenberg was president of the bankrupt corporation. Bernfeld and Futterman were treasurer and secretary respectively. It was the custom of the bankrupt to supply the materials for the dresses and to have them made up into finished garments by what is known as a "contractor" or one who engaged to make up the dresses at a stipulated amount per garment. In this case Hasenberg occupied the position of such contractor and did the work of mak-

ing up the dresses at a factory at South River, New Jersey. With each delivery Hasenberg charged the bankrupt for the labor performed by him in making the dresses at stipulated rates. Monthly statements were rendered to the bankrupt by Hasenberg, some of which were on his personal stationery. It appears that Hasenberg spent most of his time at the New Jersey factory and that Bernfeld was left in charge of the office of the bankrupt corporation.

Checks totalling the amount sued for, payable to the order of Hasenberg, were given by the bankrupt corporation between the dates June 7th and June 12th, inclusive. Each check was signed by two officers. The check of June 7th for $400 was signed by Hasenberg and Bernfeld and the other checks were signed by Hasenberg and Futterman. All of the checks were cashed by Hasenberg.

An audit and examination of the bankrupt's books and records was made by an accountant acting in behalf of the Trustee. This testimony showed as of June 7, 1937, the date of the first payment, total liabilities of $45,037.88 and total assets of $36,553.86. According to his testimony the condition of the bankrupt became materially worse between June 7th and June 12th, the date of the last payment.

The testimony of Hasenberg given before the Referee in Bankruptcy was received in evidence. By that testimony it appeared that the accountant for the bankrupt conferred with the three defendants as officers of the bankrupt corporation in the early part of June. As accountant he told them that there were 1200 or 1400 dresses missing and that they could not continue, and that it was the end. From this testimony it also appears that certain shipments of dresses made by Hasenberg to the bankrupt corporation were stopped in transit by Hasenberg, on June 8th or June 9th, because he had information from an employee of the bankrupt corporation that he would not get paid for the dresses. Three of the checks involved, totalling $4,151.27, were cashed by Hasenberg. Of this amount he used $1,595 to pay a personal note at a bank in South River, New Jersey. The balance he kept in his house in cash because he said that he was afraid there would be an attachment against that money and he wanted to be sure that he would not be left without money. The defendants offered no testimony.

It is without dispute, therefore, that the bankrupt was insolvent on June 7, 1937, the date of the first payment in question, and that its condition became steadily worse. It is a fair inference that Hasenberg had actual knowledge of the financial condition of the bankrupt when the first of these payments was received by him. His own testimony was that the bankrupt's accountant told them that they could not continue in the early part of June. The testimony of Futterman given before the Referee was received in evidence. He said that the bankrupt's accountant told them of the missing dresses about the 5th or 6th of June and that Hasenberg and Bernfeld were present at the time. Bernfeld was in charge of the office. Even though it might be held that Hasenberg did not have actual knowledge of the financial condition of the bankrupt, he at least had sufficient facts to put him on inquiry as to its financial condition and is chargeable with knowledge that such an inquiry would have uncovered. Pender v. Chatham Phenix Nat. Bank & Trust Co., 2 Cir., 58 F.2d 968.

The point is made on behalf of Hasenberg that the payments were made to him as an agent for the corporation to pay the labor charges in fabricating the dresses. All the circumstances, however, dispel such a conclusion. There is no evidence that the bankrupt corporation was obligated to pay the salaries of the employees at the New Jersey factory. The bankrupt's obligation was to pay to Hasenberg stipulated amounts for the fabrication of the dresses. The obligation to pay the salaries in the New Jersey plant was Hasenberg's obligation. The moneys received by Hasenberg were used for the payment of his personal obligations. The stopping of the dresses in transit by Hasenberg and the reason given by him for his action negatives any attempt on his part to treat his situation with reference to the New Jersey factory as an agent of the bankrupt. Furthermore, the testimony of Futterman to the effect that Hasenberg spoke to Bernfeld and him regarding his account and said he wanted to get his money and that he was entitled to it, is inconsistent with the contention that he was an agent for the bankrupt. The circumstance that statements were rendered to the bankrupt on Hasenberg's personal stationery, while not conclusive, is evidence tending to show that

Hasenberg considered himself not an agent but a creditor of the bankrupt.

From the circumstances of the defendants' knowledge of the financial condition of the bankrupt, or of facts sufficient to put them on notice, the intention to effect a preference must be held to reasonably follow.

The defendants Bernfeld and Futterman are charged with responsibility for the payments to Hasenberg by reason of the provisions of Section 15 of the Stock Corporation Law. This section provides that any payment made by an officer when a corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over other creditors shall be invalid except as to any rights thereunder acquired without notice or cause to believe such payment would effect a preference. This section makes an officer personally liable to the creditors and stock holders in the case of an officer who shall be concerned in the making of any payment, when a corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor over any of the other creditors of the corporation. The elements of insolvency, notice of the financial condition of the bankrupt, and the intent to effect a preference, have already been discussed. There remains only the question of whether the defendants Bernfeld and Futterman can be held to have participated in the transaction so as to make them liable.

Plaintiff's third cause of action is based upon the allegation that at the times when the payments were made by the bankrupt, it had refused to pay certain of its obligations in lawful money of the United States. This is based upon the first sentence of Section 15 of the Stock Corporation Law. No proof was offered to sustain this cause of action. It must, therefore, fail.

 . The fourth cause of action is based upon the second sentence of the section. This is applicable if the payments were made when the corporation was insolvent or its insolvency imminent, regardless of whether it had refused to pay its obligations when due. Emerson v. Berman et al., 2 Cir., 57 F.2d 637; Caesar v. Bernard, 156 App.Div. 724, 729, 141 N.Y.S. 659, affirmed 209 N.Y. 570, 103 N.E. 1122; Matters v. Manufacturers' Trust Co. et al., 2 Cir., 54 F.2d 1010. An intent to prefer a particular creditor over other creditors is necessary to make out a cause of action. In order that an officer who participated in effecting the preferential payments may be held liable, it is not an essential element that he benefit by the transaction. Pennsylvania R. Co. v. Peddrick, D.C., 234 F. 781, 786. It is sufficient if the defendants as officers authorized the payments with knowledge of the insolvency and with the intention to effect a preference. It was their duty not to use their position as fiduciaries to enable any creditor to obtain a preference over other creditors. In re Bernard, 2 Cir., 87 F.2d 705.

Hasenberg has received payment in full to the extent of $4,551.27 of his claim. As to the balance of his claim, he would be entitled to share ratably with the other creditors if the amounts received were held to be valid. Admittedly the assets will not be sufficient to pay the creditors in full. This constitutes a preference. Palmer Clay Co. v. Brown, 297 U.S. 227, 56 S.Ct. 450, 80 L.Ed. 655.

The plaintiff should have judgment against the defendants in the amount of $4,551.27 with interest. Submit findings and conclusions.