**BARRY v. CRANCER et al.**

No. 14383.

United States Court of Appeals
Eighth Circuit.

Dec. 26, 1951.

Rehearing Denied Jan. 14, 1952.

Malcolm I. Frank, St. Louis, Mo. (Irl B. Rosenblum and Rosenblum & Mellitz, St. Louis, Mo., were with him on the brief), for appellees.

John W. Barry and William R. Schneider, St. Louis, Mo. (Harry A. Levi, St. Louis, Mo., David E. Wilson, Phoenix, Ariz., and Otho Books, Tucson, Ariz., were with them on the brief), for appellant.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

940

WOODROUGH, Circuit Judge.

The appellant, trustee in bankruptcy by appointment of the bankruptcy court in Arizona of Joseph and Martha Mart, doing business in Tucson, Arizona, as "Arizona Tire and Supply Company", brought this plenary action in the federal District Court of Missouri under Section 60, sub. b of the Bankruptcy Act as amended, 11 U.S.C.A. § 96, sub. b, to recover the amount of an alleged preferential payment of $8,000 made by the bankrupt to certain of its creditors named as defendants. The payment was made on account of an antecedent debt somewhere between one and five days before the debtors filed their voluntary petition for an arrangement in bankruptcy under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and amounted to about twenty-eight percent of the debt due to the payees.

A jury trial was had on issues joined and at the conclusion of the plaintiff's evidence the defendants moved for a directed verdict in their favor on the ground, among others, that the "plaintiff had not proved that the effect of the transfer [of the $8,000] was to give the defendants [who received it] a greater percentage of their debt than other creditors of the same class."

The trial court sustained the motion, instructed the jury as requested, and on the return of the verdict entered judgment of dismissal at plaintiff's costs. The trustee in bankruptcy appeals and contends that the ruling on the motion for directed verdict was erroneous.

He does not dispute that it was an essential element of his case and that the burden of proof was upon him to show that the effect of the admitted $8,000 payment or transfer was to enable the creditors who received it to obtain a greater percentage of their debt than some other creditor of the same class. That proof was required to bring the transfer within the definition of a preference in 11 U.S.C.A. § 96, sub. a. In his complaint he had pleaded that such was the effect of said payment and the defendants made specific denial in their answer that the payment had such effect, so that the issue was squarely presented for decision. The record shows that defend-

ants' contention that the trustee had not adduced any evidence to sustain the burden upon him on the issue was specifically pressed upon the trial court on the argument of the motion for directed verdict and the trial court inquired of plaintiff's attorneys about it before ruling on the motion.

The appellant has not pointed out either in his oral argument at the bar or in his brief on appeal any evidence appearing in the record to sustain the allegation of his complaint that "the effect of said [$8,000] payment was to enable the said defendants [who received it] to obtain a greater percentage of their debt than some other creditors in the same class." Our study of the record convinces that the trial court did not err in its conclusion reflected in its ruling that the plaintiff failed to adduce any such evidence and that such failure was fatal to the plaintiff's case.

The record shows that all the creditors of the Arizona Tire and Supply Company were notified by circular letter dated December 30, 1947, that the company was unable to meet its obligations as they matured and on January 6, 1948, at a meeting of creditors called by it a copy of a balance sheet was presented showing the state of its affairs. The balance sheet showed that it had assets worth $147,389.12, and owed $132,430.36. There was evidence that this was a correct statement of the affairs of the company as of December 31, 1947. The bankrupt Joe Mart so testified, as did the accountant who prepared the statement, and no witness purporting to know the facts testified to the contrary. The debtors also owned a home in Tucson, not included in the balance sheet, which they sold for $12,000, and at least one piece of property in Douglas, Arizona, included in the book assets of the company, was sold for $2,000 more than the value ascribed to it on the balance sheet.

But no evidence was adduced to show what assets were actually brought into the bankruptcy nor what claims were filed or allowed or what percentage of their debts any class of creditors would obtain through the bankruptcy proceedings. It may well be that the balance sheet presented at the creditors' meeting and introduced in evi-

dence at the trial by the plaintiff does not truly reflect the state of the affairs of the debtors which was developed in the bankruptcy. But on the issue in the case as to whether or not the effect of the transfer of the $8,000 or 28 percent of their claim to the creditors made defendants was to enable them to obtain a greater percentage of their debt than some other creditor of the same class, there was no evidence whatever adduced by the plaintiff outside of the balance sheet and if there had been a submission of the issue to the jury a verdict thereon could only have been based on speculation.

It was formerly held that a creditor who receives a part payment of his claim does not receive a preference although he has reason to believe that the debtor is insolvent, provided the debtor's assets at the time of the payment would, if then liquidated and distributed, be sufficient to pay all the creditors of the same class an equal proportion of their claims, see Haas v. Sachs, 8 Cir., 68 F.2d 623, but it was settled in Palmer Clay Products Co. v. Brown, 297 U.S. 227, 56 S.Ct. 450, 451, 80 L.Ed. 655, that "Whether a creditor has received a preference is to be determined, not by what the situation would have been if the debtor's assets had been liquidated and distributed among his creditors at the time the alleged preferential payment was made, but by the actual effect of the payment as determined when bankruptcy results."

We know of no holding and we do not understand that appellant contends that the action under 11 U.S.C.A. § 96, sub. b for recovery on account of voidable preference may be maintained without allegation and proof of a preference within the definition of 11 U.S.C.A. § 96, sub. a.

It may be supposed that the failure of the plaintiff in this case to adduce any evidence at the trial to show that the effect of the $8,000 payment in question was to enable the creditors receiving it to obtain a greater percentage of their debt than some other creditor of the same class, might have come about because the trial was in Missouri and the bankruptcy proceedings were in Arizona and that there was no record of such proceedings at hand, but the record shows that the trial court as well as the attorney for the defendants directed attention to the total lack of evidence on the issue before the ruling on the motion for directed verdict was made. The plaintiff rested his case deliberately without presenting the essential proof and the trial court was not in error in directing the verdict for want of any evidence to prove voidable preference within the statute.

Affirmed.