In the Matter of **FORMED TUBES, INC.,** Debtor.

**Earle I. ERMAN,** Trustee of Formed Tubes, Inc., Plaintiff,

v.

**ARMCO, INC.,** Defendant.

Bankruptcy No. 81–06139–B.
Adv. No. 83–1603.

United States Bankruptcy Court, E.D. Michigan, S.D.

Aug. 30, 1984.

Jaffe, Snider, Raitt & Heuer, P.C. by Susan M. Sutton, Detroit, Mich., for trustee.

Honigman, Miller, Schwartz & Cohn by Todd M. Halbert, Detroit, Mich., for defendant.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

This matter is before the court on cross-motions for summary judgment.

Formed Tubes, Inc. (debtor) manufactured and sold tubing for industrial purposes. Armco, Inc. was a regular supplier of steel to Formed Tubes. To insure payment for all the steel to be delivered to Formed Tubes, Armco insisted that Formed Tubes have a bank issue two irrevocable letters of credit, with Armco, Inc. as the beneficiary.[1] Two such letters were issued by Michigan National Bank for $300,000 and $100,000 respectively. The debtor, in consideration of the issuance of the letters, granted the bank a security interest in all of its assets to protect the bank should Armco draw on the letters of credit.

On August 17, 1981, Formed Tubes owed Armco approximately $304,000. On that date, it paid Armco $109,044.03, reducing its indebtedness to $195,000. The defendant continued to supply steel to Formed Tubes and the indebtedness to Armco increased. On October 20, 1981, Armco drew on the letters of credit for $99,864.34. On October 26, 1981, Formed Tubes filed a chapter 7 petition. On October 30, 1981, after the petition was filed, Armco drew $260,001.12 on a letter of credit, and again on January 16, 1982, it made a final draw of $39,988.88. On August 1, 1983, the trustee filed a complaint to recover the $109,-044.03 payment made on August 17, 1981, contending that the payment was a preferential transfer as defined in section 547(b) of the Bankruptcy Code. The trustee does not challenge the validity of the letters of credit nor the lien of the bank which was granted in consideration for their issuance.

Section 547(b) provides that:

[T]he trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition;

.     .     .     .     .

1. An irrevocable letter cannot be revoked without the consent of the beneficiary. M.C.L. § 440.5106(2).

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). Armco contends that by virtue of the letters of credit it was a secured creditor and that a payment to a secured creditor is not a preference. *Bachner v. Robinson*, 107 F.2d 513 (2d Cir. 1939); *Irving Trust Co. v. Bank of America Nat. Ass'n.*, 68 F.2d 887 (2d Cir.) *cert. denied*, 292 U.S. 628, 54 S.Ct. 630, 78 L.Ed. 1482 (1934); *De Aragon v. Chase Manhattan Bank*, 322 F.Supp. 1006 (D.P.R.1971).[2] Armco concedes that, except for this defense, the trustee has established all the elements set forth in section 547(b).

█ A creditor may be secured, but a payment to him is not necessarily protected. Payment to a creditor is protected only if the creditor is secured by property of the estate and the property subject to its security interest equals or exceeds the amount paid to the creditor by the debtor.

> [T]he conceptual basis for this rule ... is that to the extent a secured creditor holding valuable collateral receives payment prior to bankruptcy, the amount of the secured claim is proportionately reduced. The "net" effect of the payments on the size of the fund available to satisfy the claims of general unsecured creditors is zero.

*Trimble v. McCoy Bros., LTD. (In re Hawkins Manufacturing, Inc.)*, 11 B.R. 512, 513–14 (Bankr.D.Colo.1981). *See also, Pereira v. Hope (In re 550 Les Mouches Fashions, LTD.)*, 24 B.R. 509, 515 (Bankr.S.D.N. Y.1982); 4 *Collier on Bankruptcy* ¶ 547.21 (15th ed. 1984).

█ Armco did not have a security interest in property of the debtor. Vis-a-vis the debtor, Armco was an unsecured creditor.

Those creditors who are entitled to receive out of the estate of the bankrupt the same percentage of their claims are in the same class, however much their owners may have the right to collect from others than the bankrupt. Their relations to third parties, their right to collect of others, the personal security they may have through indorsements or guaranties, receive no consideration, no thought. It is the relation of their claims to the estate of the bankrupt, the percentage of their claims are entitled to draw out of the estate of the bankrupt, and these alone, that dictate the relations of the creditors to the estate, and fix their classification and their preferences.

*Swarts v. Fourth National Bank*, 117 F. 1, 7 (8th Cir.1902). *See also, In re Santoro Excavating, Inc.*, 32 B.R. 947 (Bankr.S.D. N.Y.1983).

The determination whether the payment Armco received is preferential must therefore be tested by its status as an unsecured creditor. Since Armco concedes that except for its secured creditor defense the trustee has established all the elements set forth in section 547(b), the $109,044.03 that it received as payment on its unsecured debt is recoverable by the trustee.

█ The vulnerability of Armco's position is further demonstrated if a comparison is made between what Armco would have been able to recover if it in fact had a security interest in property of the estate and what it has received without such an interest. All of the elements of a preference, other than the element dealing with the "greater percentage test," focus on the period preceding the commencement of the case. However, whether a payment to a creditor is greater than what the creditor will receive in a chapter 7 liquidation is determined by reference to the effect of that payment at the time of the filing of the bankruptcy petition.

    Whether a creditor has received a preference is to be determined, not by what the situation would have been if the debt-

---

**2.** None of these cases address the question posed in this controversy.

822

or's assets had been liquidated and distributed among his creditors at the time the alleged preferential payment was made, but by the actual effect of the payment as determined when bankruptcy results.

*Palmer Clay Products Co. v. Brown*, 297 U.S. 227, 229, 56 S.Ct. 450, 451, 80 L.Ed. 655 (1936).

If Armco had a security interest in property of the estate, it would have been entitled to recover no more than $400,000 in the chapter 7 liquidation. Armco has recovered in excess of $500,000. In fact, if the position of Armco were sustained, it could possibly recover as much as $800,000 by virtue of obtaining a $400,000 security interest in property other than property of the estate—$400,000 from the debtor prior to the filing of the petition in bankruptcy and $400,000 from non-estate property after the petition is filed. Such preferential treatment for an unsecured creditor of the debtor is not authorized by either the preference section of the Code or its underlying policy.

Nor does it make any difference that the bank issuing the letters of credit had a security interest in property of the debtor. The only relationship that is crucial to the trustee's preference action is Armco's relationship to the debtor, i.e. whether Armco was a secured or unsecured creditor. The relationship of other parties to the estate is not in issue. These relationships may, in a given fact situation, make a preference action futile. For example if, in the case now before the court, funds remained to be drawn on the letters of credit that equalled or exceeded the debtor's payment to Armco, a finding that the transfer was preferential would not benefit the estate. The creditor, if he were compelled to "disgorge" the payment, would then proceed against the letter of credit and the bank would assert its corresponding secured claim against the estate. In such cases, the parties undoubtedly would resolve the matter without court intervention. However, such is not the case here. Since all the letters of credit were exhausted, any

recovery of the payment to Armco by the trustee will not increase the claim of the bank against the estate.

Armco, for the first time in a supplemental memorandum, asserts an affirmative defense that was not raised in its answer, in the motion for summary judgment, or at oral argument. The trustee contends that this defense is not now allowable. To resolve the differences between the parties, the court now rules as follows:

1. Armco's motion for summary judgment is denied for the reasons set forth herein;

2. Armco is to file a motion to amend its answer by September 10, 1984;

3. The trustee's cross-motion for summary judgment will be held in abeyance until a decision on Armco's motion to amend is made.

An appropriate order is to be submitted for entry.