**In re X.R.X. SUPPLY COMPANY, INC., Debtor.**

**The ESTATE OF X.R.X. SUPPLY COMPANY, INC., In Bankruptcy by Charles R. SIMPSON III, Its Duly Acting and Qualified Trustee, Plaintiff,**

**v.**

**CITIZENS FIDELITY BANK AND TRUST COMPANY, Defendant.**

**Bankruptcy No. 38400049.**
**Adv. No. 3850015.**

United States Bankruptcy Court, W.D. Kentucky.

April 24, 1986.

Charles R. Simpson, III, Louisville, Ky., for Trustee.

David T. Stosberg, Louisville, Ky., for defendant.

### MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

This matter comes before the court on the motion of Citizens Fidelity Bank and Trust Company (Citizens) for this court to amend or make additional findings of fact

in the opinion entered in this adversary proceeding March 5, 1986. After considering Citizen's motion and the trustee's response, we overrule Citizen's motion to amend for the reasons discussed below.

In the 90 days immediately preceding the filing of its Chapter 7 petition the debtor, X.R.X. Supply Company, Inc., made three payments totaling $2,507.26 to Citizens. These payments were made while the debtor was insolvent and on account of an antecedent debt. The only issue presently in dispute is whether these transfers enabled Citizens to receive more than it would receive under the distributive provisions of Chapter 7 of the Bankruptcy Code.[1]

■ In the present action Citizens contends that had the debtor been in bankruptcy *on the dates of each of the three disputed transfers*, it would have been entitled to receive more than the $2,507.26 it

did in fact receive, and therefore the payments in question were not voidable preferences. This argument, while outwardly appealing, is based on a misapplication of the Section 547 preference test. In order to determine whether a creditor has received a preference, a court must look to the *actual* effect the preference has *when bankruptcy occurs*, and not to what the situation would have been if the debtor's assets had been liquidated and distributed among its creditors at the time of the alleged preferential payment.[2]

■ If the hypothetical distribution[3] shows that the creditor who received the alleged preference would have received less than a 100% dividend on its claim, then the transfers must be avoided. "Any dividend less than 100 percent insures that the creditor would receive more than it would receive if paid to the extent provided by the distributive provisions of Chapter 7."[4]

---

1. Section 547 of the Bankruptcy Code provides in part:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor
   (2) for or on account of an antecedent debt owed by the debtor before the transfer was made.
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition;

   . . . . .

   (5) *that enables such creditor to receive more than such creditor would receive if*
   (A) *the case were a case under Chapter 7 of this title;*
   (B) *the transfer had not been made; and*
   (C) *such creditor received payment of such debt to the extent provided by the provisions of this title.*
   11 U.S.C. § 547 (1984) (emphasis added)

2. *Palmer Clay Products Co. v. Brown*, 297 U.S. 227, 56 S.Ct. 450, 297 L.Ed. 655 (1936); *In re Tenna Corp.*, 53 B.R. 493 (N.D.Ohio 1984); *In re Independent Clearing House Co.*, 41 B.R. 985 (Bkrtcy.D.Utah 1984).
   Although the *Palmer* case was decided under the provision of the previous Bankruptcy Act the underlying principles of guarding the equality of distribution among creditors discussed in that case remain the same under the present Bankruptcy Code. *See In re Tenna Corp.*, 53 B.R. at 495–96.

3. The costs of the administration of the debtor's estate are to be taken into account in making the "receive more" determination. *See e.g. Ely v. Greenbaum*, 85 F.2d 501 (2d Cir.1936); *In re Tenna Corp.*, 53 B.R. at 496; *In re Schindler*, 223 F.Supp. 512 (E.D.Mo.1963).

4. *In re Rodriguez*, 50 B.R. 576 (Bkrtcy.E.D.N.Y. 1985); *In re Independent Clearing House Co.*, 41 B.R. at 1013; *In re Suco Local Development Corp.*, 30 B.R. 862 (Bkrtcy.D.Me.1983). *See also* 1983 Ann.Surv.Bankr.L. 662.
   The following example illustrates the problem of a creditor receiving 100% payment of installments by the debtor in the 90 days prior to the debtor's filing.

   FACTS

   Creditor "A" has an unsecured claim against the debtor's estate in the amount of $270,000. 63 days before the debtor filed a Chapter 7 petition the debtor made an installment payment of $30,000 to creditor "A" on account of a 4 year old unsecured note. At the time the payment was made the debtor was insolvent. After administrative expenses have been paid $70,000 is available for distribution to the debtor's general unsecured creditors. Besides creditor A's claim there are a total of $100,000 of general unsecured claims against the estate. In determining whether the $30,000 constituted a preferential payment the court must determine whether the alleged preference allows creditor "A" to receive more than it would had transfer never been made. Assuming creditor A retains the $30,000 payment then it will receive 72.97% of the

In the present adversary proceeding the evidence shows that Citizens received 100% of the amount due from the debtor by each of the three $2,507.26 installment payments made within 90 days of the debtor's bankruptcy. According to the debtor's schedules, no creditor will receive a 100% dividend in this case. Therefore we hold that the three payments made by the debtor to Citizens in the 90 days preceding its bankruptcy are voidable preferences under the provision of § 547 of the Bankruptcy Code, and reaffirm our earlier opinion in this proceeding.

An order reflecting these findings and denying Citizen's motion will be entered with this opinion.

Robert A. Ciotola, Youngstown, Ohio, for debtor.

Frederick Naragon, Salem, for Society Bank of Eastern Ohio, N.A.

$70,000 available to the debtor's general unsecured creditors or $51,079. When the $30,000 payment is added to this dividend, then creditor A has received a total of $81,079 while the remaining unsecured creditors receive a dividend of only $18,921. If however the $30,000 payment had not been made, $100,000 would be available for distribution to the general unsecured creditors. Creditor A would have its claim against the estate increased to $300,000 ($270,000 + $30,000) and would receive 75% of

the $100,000 available to the debtors general unsecured creditors or $75,000. The debtor's other general unsecured creditors would receive a dividend of $25,000.

As can be seen from this illustration, even though creditor A is entitled to more than the $30,000 transferred to it within 90 days prior to the debtor's bankruptcy, that payment is still a preference since it enables creditor A to receive more than it would have received under the provisions of Chapter 7 of the Bankruptcy Code had the transfer not been made.