**In re BEST BUY DRUGS, INC., Debtor.**

**LAWRENCE PHARMACEUTICALS, INC., Plaintiff,**

v.

**BEST BUY DRUGS, INC., Defendant.**

**Bankruptcy No. 87–04116–BKC–AJC.**
**Adv. No. 87–0586–BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 23, 1988.

---

Barton Nachamie, New York City, for debtor.

Dale F. Webner, Miami, Fla., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court on the complaint for reclamation of property, filed by Lawrence Pharmaceuticals, Inc. ("Lawrence") against the Debtor Best Buy Drugs, Inc. ("Best Buy") and heard on April 11, 1988. The complaint seeks the reclamation of personal property or other relief pursuant to 11 U.S.C. 546(c) and Section 672.702 of the Florida statutes. The Court having considered the stipulated facts and argument of counsel makes the following findings of fact and conclusions of law:

By stipulation so ordered by this Court on December 23, 1987, the parties agreed to a reclamation of goods with a value of $45,000.00, subject only to the issue of insolvency. The parties further stipulated that Best Buy was at the time of the filing of the Chapter 11 petition insolvent as such term is defined in the Uniform Commercial Code and the State Reclamation Statute, Florida Statute 672.702, but that Defendant Best Buy was not insolvent using the "balance sheet" method as defined in 11 U.S.C. § 101(31).

The only issue before the Court is what definition of insolvency applies in order for a plaintiff to succeed in a reclamation proceeding under 11 U.S.C. § 546(c).

## CONCLUSIONS OF LAW

A reclaiming seller (Lawrence) must comply with the provisions set forth in 11 U.S. C. § 546(c) in order to reclaim any goods from the Debtor (Best Buy). In relevant part the section provides:

> Except as provided in subsection (d) of this section, the rights and powers of a trustee under §§ 544(a), 545, 547 and 549 of this Title are subject to any statutory or common law right of a seller of goods that had sold goods to the debtor in the ordinary course of such seller's business to reclaim such goods if the debtor has received such goods *while insolvent* (emphasis added). . . .

11 U.S.C. 101(31) provides in relevant part as follows:

Insolvent means

With reference to an entity other than a partnership, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation. . . .

This is the "balance sheet" definition. In the instant case it has been stipulated by the parties that Best Buy was balance sheet solvent when the goods were received.

Under the general principles of statutory construction, satutory definitions control the meaning of words. *Lawson v. Suwannee Fruit and Steamship Co.*, 336 U.S. 198, 69 S.Ct. 503, 93 L.Ed 611 (1949). The language of the statute is clear and unambiguous and it must be followed. The "balance sheet" test has been used to determine whether or not a debtor was insolvent for the purpose of preference actions under 11 U.S.C. § 547. *See Briden v. Foley*, 776 F.2d 379 (1st Cir.1985). It has also been used to determine the insolvency of a debtor for the purpose of fraudulent transfers under 11 U.S.C. § 543. See *In re Uhlmeyer*, 67 B.R. 977 (Ariz.1986).

In *In re Storage Technology Corp.*, 48 B.R. 862 (D.Col.1985) the Court was confronted with an issue similar to that in this case. In *Storage Technology*, the Court, relying on the general principles of statutory construction held that insolvent as used in § 546(c) refers to the bankruptcy definition under § 101(31) and not the Uniform Commercial Code definition.

Plaintiff Lawrence mistakenly relies on two cases for the proposition that the Uniform Commercial Code definition of insolvency should be applied when determining reclamation rights under § 546(c). Those two cases are *Matter of Marin Motor Oil, Inc.*, 740 F.2d 220 (3rd Cir.1984) and *Matter of AIC Photo, Inc.*, 14 C.B.C. 95 (E.D. N.Y.1985). In neither case did the Court find that the Uniform Commercial Code definition of insolvency applied to § 546(c) reclamation actions. The *Marin* case involved a written demand for reclamation; no issue of insolvency was discussed. In the *AIC* case the Court in, *dicta*, states that attempting to prove "balance sheet" insolvency is complex out in the *AIC* case the parties stipulated to the meaning of insolvency as defined in the Uniform Commercial Code rather than in the Bankruptcy Code. Thus, that case is not applicable.

The overwhelming weight of authority holds and this Court holds that the word insolvent as used in 11 U.S.C. § 546(c) refers to the Bankruptcy Code definition of insolvent as it appears in 11 U.S.C. § 101(31) rather than the definition of insolvent in the State statutes and the Uniform Commercial Code. *In re Storage Technology Corp.*, 48 B.R. 862 (D.Col. 1985), *In re Flagstaff Food Corp.*, 56 B.R. 899 (Bkrtcy.S.D.N.Y.1986), *In re Furniture Distributors, Inc.*, 45 B.R. 38 (Mass. 1984).

For all of the foregoing reasons this Court finds for the Defendant and dismisses the complaint herein. The Debtor was not insolvent as defined in the Bankruptcy Code on the Filing Date or on the date the goods were delivered.

A separate, final judgment has been entered in conformity herewith.