**In the Matter of FORMED TUBES, INC., Debtor.**

**Earle I. ERMAN, Trustee of Formed Tubes, Inc., Plaintiff,**

v.

**ARMCO, INC., Defendant.**

**Bankruptcy No. 81–06139–B.**

**Adv. No. 83–1603.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Feb. 25, 1985.

Jaffe, Snider, Raitt & Heuer, P.C. by Susan M. Sutton, Detroit, Mich., for trustee.

Honigman, Miller, Schwartz & Cohn by Todd M. Halbert, Detroit, Mich., for defendant.

OPINION

GEORGE BRODY, Bankruptcy Judge.

The question presented is whether a defendant in a preference action may rely on the new value defense of section 547(c)(4) if the defendant is paid for the new value, but not by the debtor. 11 U.S.C. § 547(c)(4) (1982).

Formed Tubes, Inc. (debtor) manufactured and sold tubing for industrial purposes. Armco, Inc. was a regular supplier of steel to Formed Tubes. To insure pay-

ment for all the steel to be delivered to Formed Tubes, Armco insisted that Formed Tubes have a bank issue irrevocable letters of credit, with Armco as the beneficiary.[1] Michigan National Bank held a security interest in all the assets of the debtor. The debtor arranged to obtain two such letters for $300,000 and $100,000 respectively from Michigan National Bank to be secured by the same assets that were subject to the bank's existing security interest.

On August 17, 1981, Formed Tubes owed Armco approximately $304,000. On that date, it paid Armco $109,000, reducing its indebtedness to approximately $195,000. Armco continued to supply steel to Formed Tubes. The shipments had a value in excess of the $109,000 payment it received. Armco received payment for the new value by drawing on the letters of credit. On October 26, 1981, Formed Tubes filed a chapter 7 bankruptcy petition. When the chapter 7 petition was filed, the debt owed to the bank was $4,664,036. The assets subject to the bank's security interest were sold. The sale did not generate sufficient funds to satisfy the bank's claim in full, and consequently the bank filed an unsecured claim for $2,213,734. Included in the unsecured claim are amounts paid by the bank to Armco for the new value Armco had shipped to the debtor. The trustee filed a complaint to recover the $109,000 payment made by the debtor to Armco, contending that the payment was preferential. 11 U.S.C. § 547(b). Armco and the debtor both moved for summary judgment. A hearing was held on the motions. After the hearing, both parties at the request of the court filed supplementary memoranda. In its memorandum, Armco, in addition to addressing the preference issue, contended that even if the payment was preferential,

it was insulated from attack because of the subsequent steel shipments it made to the debtor in excess of the $109,000 payment. The trustee in his reply protested as inappropriate Armco's attempt to rely on section 547(c)(4) since this defense had not been raised in its answer or in oral argument. In an opinion entitled *Erman v. Armco, Inc. (Matter of Formed Tubes, Inc.)*, 41 B.R. 819, 12 Bankr.Ct.Dec. (CRR) 331 (Bankr.E.D.Mich.1984), the court held that the payment was preferential, but granted Armco leave to move to amend its answer to add the section 547(c)(4) defense. Armco filed such a motion and the motion was granted. It is necessary, therefore, to determine whether the section 547(c)(4) exception is available to Armco.[2]

Section 547(c)(4) provides that the trustee may not avoid a transfer that is preferential

(4) ... to the extent that, after such transfer such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

11 U.S.C. § 547(c)(4)(A), (B). The trustee and Armco agree that in order for section 547(c)(4) to apply, three requirements must be met: "First, the creditor must extend new value as defined in § 547(a)(2).... Secondly, the new value must be unsecured.... Finally, the new value must go unpaid." *Pettigrew v. Trust Company (Matter of Bishop)*, 17 B.R. 180, 183, 8 Bankr.Ct.Dec. (CRR) 852, 854–855 (Bankr. N.D.Ga.1982). *See also, Rovzar v. Prime Leather Finishes (In re Saco Local Development Corp.)*, 30 B.R. 859, 861, 10 Bankr.

---

1. An irrevocable letter of credit cannot be revoked without the consent of the beneficiary. Mich.Comp.Laws § 440.5106(2) (1979).

2. The trustee does not challenge the validity of the letters of credit or the lien of the bank, which was granted in consideration of their issuance. *See, St. Petersburg Hotel Associates,*

Ltd. v. Royal Trust Bank of St. Petersburg (Matter of St. Petersburg Hotel Associates, Ltd.), 37 B.R. 380 (Bankr.M.D.Fla.1984). For a discussion of the problems inherent in such a tripartite relationship, *see* Baird, *Standby Letters of Credit in Bankruptcy,* 49 U.Chi.L.Rev. 130, 131–132 (1982).

Ct.Dec. 962 (Bankr.D.Me.1983).[3] Armco extended "new value" and the new value was not secured by property of the debtor. The only question, therefore, is whether section 547(c)(4) is a defense to a preference action if the creditor is paid for the new value but not by the debtor.

Section 547(c)(4) "insulates from preference attack a transfer to a creditor to the extent that the creditor thereafter replenishes the estate." Levin, *An Introduction to the Trustee's Avoiding Powers*, 53 Am.Bankr.L.J. 173, 187 (1979). *See also,* Weintraub & Resnick, *Bankruptcy Law Manual* ¶ 7.05[6] (1980); *Gropper v. Samuel Kunstler Textiles, Inc. (In re Fabric Buys of Jericho, Inc.),* 22 B.R. 1013, 1017 (Bankr.S.D.N.Y.1982). The extension of new value in an amount equal to a preference "in effect returns the preference to the estate." 2 Norton, *Bankruptcy Law and Practice,* § 32.20 (1981). Since the preference has in effect been returned, the estate has not been harmed. Section 547(c)(4) merely recognizes this reality.

> [T]he rationale of § 547(c)(4) is simple— the creditors have not been harmed, the estate has not been diminished, because new inventory has been supplied. In fact, such activity is to be encouraged as it allows the business a further chance to solve its problems and, possibly, avoid the need of filing.... In reality, it puts the debtor on a C.O.D. basis. It is as if the creditor is being paid in advance of shipments, rather than being paid for antecedent debts.

*In re Columbia Packing Co.,* 44 B.R. 613, 615 (Bankr.D.Mass.1984). However, if the creditor obtains a security interest to secure payment of the new value or is paid for the new value by the debtor, there is in effect no return of the preference and the section 547(c)(4) defense is not available to the creditor. Since Armco shipped steel to the debtor with a value in excess of $109,-000 after it received the $109,000 payment, it has a defense to the trustee's action unless the new value was either directly or indirectly removed from the estate. Armco was not granted a security interest in property of the debtor for the new value, nor was Armco paid for the new value by the debtor. The bank was unable to reach any property of the debtor subject to its security interest to satisfy its claim for the amounts paid to Armco under the letters of credit. Thus, the new value has not been removed by Armco or indirectly by the bank, and the section 547(c)(4) defense is available to Armco.[4] There is also no merit to the trustee's contention that he may recover the preference even if the new value remains in the estate because the bank filed an unsecured claim for the new value. This argument assumes that the bank's claim will prejudice creditors through reductions in their dividends by whatever distribution is made to the bank on the $109,000 portion of its claim. This assumption is unwarranted. A creditor who is compelled to disgorge a preference may file a claim for the returned preference. Since "new value" is in effect a restoration of the preference, it follows that a creditor who extends new value not only has a defense to a preference action, but may also file a claim for the new value. *See, In re Columbia Packing Co., supra.* Since Armco could have filed a claim for the new value if it had not been paid by the bank, the bank's claim does not adversely impact upon creditors.

---

**3.** The parties apparently also agree that the court in *In re Isis Foods, Inc.,* 39 B.R. 645, 653 (W.D.Mo.1984), was in error in holding "that the new value rule of section 547(c)(4) [is not] limited to new value that is unpaid."

**4.** It is the impact of the payment on the estate and not the source of the payment that is determinative as to whether section 547(c)(4) is available as a defense to a creditor who has received a preferential transfer. If payment by a third party has the effect of removing from the estate the new value advanced, then the section 547(c)(4) exception is not and should not be available to the creditor. If the bank had been fully secured, it would have been able to recover the entire $109,000 payment it made to Armco from the estate. The payment to Armco would thus have had the same impact upon the estate as a payment made directly by the debtor. Accordingly, if the bank had been fully secured, the section 547(c)(4) defense would not have been available to Armco.

Armco's motion for summary judgment is granted. An appropriate order is to be submitted for entry.