In re WINSCO BUILDERS,
INC., Debtor,

Diane L. JENSEN, Trustee, Plaintiff,

v.

PEN AIR CONDITIONING,
INC., Defendant.

Bankruptcy No. 92–3507–9P7.
Adv. No. 92–597.

United States Bankruptcy Court,
M.D. Florida,
at Fort Myers.

July 12, 1993.

Louis X. Amato, Naples, FL, for plaintiff.

Thomas W. Franchino, Naples, FL, for defendant.

Diane L. Jensen, Ft. Myers, FL, trustee/successor plaintiff.

ORDER ON MOTION FOR SUMMARY
JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Complaint to avoid certain payments by the Debtor as preferential transfers pursuant to § 547(b) of the Bankruptcy Code. The one-count complaint against Pen Air Conditioning, Inc., (Defendant) was originally filed by Winsco Builders, Inc. (Debtor). Subsequently, because the Chapter 11 case converted to one under Chapter 7, the Chapter 7 Trustee of the estate substituted herself as Plaintiff in this adversary proceeding.

The Complaint originally filed by the Debtor alleges that within the 90–day preference period the Debtor paid the Defendant a total of $18,564.75 by five separate checks; that these payments were made while the Debtor was insolvent; and were made on account of an antecedent debt owed to Defendant by the Debtor. Finally, it is alleged that if these payments are not avoided, the Defendant would receive on its claim more than it would receive in this Chapter 7 case.

The Defendant concedes in its Answer that it did receive payments within the 90 day preference period, but it contends that it only received four payments totaling $12,690.42. The Defendant asserts two affirmative defenses: first, that two of the checks represented construction draws issued by the owner payable to both the Debtor and the Defendant and thus, are not property of the estate; and second, that the Defendant furnished "new value" to the Debtor subsequent to the payments by the remaining two checks in the amount of $14,236.94, and that this amount should be offset against the funds it received during the 90 day preference period pursuant to § 547(c)(4).

The Debtor filed a Motion for Summary Judgment contending that there are no genuine issues of material facts and that it is entitled to a judgment in its favor, as a matter of law. The facts relevant to the resolution of this controversy, as set forth in the record, are as follows:

At the time relevant, the Debtor was engaged as a general contractor, building new or improving previously-built real properties. During the course of its business, the Debtor entered into a contract with the Defendant for the purchase of materials on open account. It was understood between the parties that the Debtor would pay the Defendant the outstanding balance on about the 20th of every month following the work completed during the previous month. It is without dispute that the Debtor failed to live up to the arrangement. On December 26, 1991, the Defendant requested payment in the amount of $20,868.00 based on the initial draw on a construction project known as the Doane Building. On February 19, 1992, the Debtor made only a partial payment by check # 1254 of the amount requested in the amount of $1,500.00.

On December 31, 1991, the Defendant submitted another invoice in the amount of $5,874.36, regarding payment based on the initial draw on another construction project, known as the Penzo project. On January 3, 1992, the Defendant submitted another invoice in the amount of $2,316.06 for the initial draw on a third construction project known as the Dickerson project. The Penzo and Dickerson property owners, in order to avoid the imposition of mechanic's liens upon their property by the Defendant, paid for the material furnished by the Defendant on their respective projects by way of checks made payable jointly to the Debtor and to the Defendant. The Debtor requested that the Defendant endorse the joint checks in order to deposit same into its general account. The Defendant complied. On January 3, 1992, the Debtor issued two checks payable to the Defendant, check # 10453 in the amount of $2,316.06

and check # 10442 in the amount of $5,874.36, respectively. Both checks were dishonored by the Bank because of insufficient funds in the Debtor's account. Two additional checks # 1097 and # 1098 were issued by the Debtor for the identical amounts on January 31, 1992 to replace checks # 10453 and # 10442. These two checks were honored by the Bank. In addition, on December 20, 1991, the Debtor made a payment to the Defendant by check # 10292 in the amount of $3,000.00 as final payment on a project known as Design Lighting project. Subsequently, on March 16, 1992, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code.

The record further reveals that between February 24, 1992, and March 12, 1992, or before the commencement of the Chapter 11 Case, the Defendant provided material on three construction projects on which the Debtor acted as a subcontractor, the total value of which is estimated to be $14,236.94. The Defendant subsequently received payment from the Penzo and Dickerson property owners in full satisfaction of its respective claims and 70% of the Doane project.

Based upon these facts, the Trustee contends that these payments were voidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code, which provides in pertinent part:

§ 547. Preferences

. . .

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; . . .

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

■ The purpose of avoidance of preferential transfers is to prevent a debtor from diminishing, to the detriment of some or all creditors, funds that are generally available for distribution to creditors. Consequently, any funds under the control of the debtor, regardless of the source, are properly deemed to be the debtor's property, and any transfers that diminish that property are subject to avoidance.

■ In the instant case, it is without dispute that the Defendant was a creditor of the Debtor and the payments made by the Debtor to the Defendant in the amount of $12,690.42 were on account of an antecedent debt. However, check # 10442 in the amount of $5,874.36 is improperly claimed as a preference by the Trustee because this check was not honored by the bank and, therefore, the Defendant never received this money. Since all operating elements of the remaining four checks are without dispute, the Trustee should prevail on those checks unless the exception set forth in § 547(c) claimed by the Defendant qualifies as a valid exception.

The Defendant initially contends that the funds represented by the joint checks issued on the Dickerson and Penzo projects were not properties of the estate. This Court is satisfied that the proposition is well taken. It is generally recognized that where the payee controls the application of the funds by requiring dual endorsement before the check can be negotiated, the funds are claimed to be earmarked funds insured on the specific condition that a joint payee shall receive the proceeds, the Debtor who is already a named payee is merely deemed to be a conduit for those funds,

which did not become the property of the Debtor's estate. The fact that the check which was made payable jointly to the Debtor and another was deposited in the Debtor's account who, in turn, issued his own check payable to the creditor who was a jointly-named payee, is of no consequence. *In re Chase & Sanborn*, 813 F.2d 1177 (11th Cir.1987) (quoting *Smyth v. Kaufman*, 114 F.2d 40, 42 (2nd Cir.1940)); *Keenan Pipe and Supply Co. v. Shields*, 241 F.2d 486, 490 (9th Cir.1956).

In the instant situation, the payments by the owners of the two projects were made by checks payable jointly to the Debtor, and the Defendant. There is hardly any doubt that the owners of the two projects clearly "earmarked" the funds for the specific purpose of paying the Defendant for the material delivered and used on the two projects. From this it follows that the proceeds of these two checks never became property of the estate and, these two payments could not be avoided as preferential transfers.

This leaves for consideration the remaining two payments which, according to the Defendant are also not subject to avoidance, because subsequent advances of new value by the Defendant. This is an affirmative defense commonly referred to as the "new value" exception set forth in § 547(c)(4) of the Bankruptcy Code. This Section provides:

§ 547(c)(4). Preferences

(c) The trustee may not avoid under this section a transfer—

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

■ The new value defense is premised upon the theory that a creditor who,

subsequent to the receipt of a payment, advances to the estate new value in an amount equal to the preference payment which otherwise could be avoidable, in effect returns the preference to the estate. *In re Formed Tubes*, 46 B.R. 645 (Bankr. E.D.Mich.1985). To successfully assert such a defense, the Defendant has the burden to establish by a preponderance of the evidence that:

1—the creditor extended new value after receiving the challenged payment;

2—the new value was unsecured; and

3—the new value is still unpaid.

*In re Jet Florida System, Inc.*, 841 F.2d 1082 (11th Cir.1988).

■ The new value defense takes a novel twist in this instance and is unique in that the "new value" was not extended by the Defendant to the Debtor but to the owner of the two projects, who was actually paid for material needed to complete the projects. Thus, it is obvious that the third prong of the test is not satisfied because the "new value," i.e., the material furnished as "new value" did not remain unpaid, but instead was paid by the owner of the project, albeit not by the Debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion for Summary Judgment is hereby granted in part and denied in part. The payments represented by checks # 1254 and # 10292 are avoided as preferential payments, and the Defendant is hereby directed to remit to the Trustee the amount of these payments within thirty days of the entry of this Order.

DONE AND ORDERED.