In re **LOGIN BROS. BOOK COMPANY, INC.,**
Debtor.

**Alex D. Moglia, Plaintiff,**

v.

**American Psychological Association,
Defendant.**

**Bankruptcy No. 00–B–27912.
Adversary No. 02–A–01337.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 4, 2003.

Richard S. Lauter, Holland & Knight, Chicago, IL, Paul M. Bauch, Bauch & Michaels, Chicago, IL, for Trustee Alex D. Moglia.

Kurt M. Carlson, Tishler & Wald, Ltd., Chicago, IL, for American Psychological Ass'n.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Chief Judge.

This adversary proceeding has before the court on the defendant's motion for summary judgment. The issue raised by the motion concerns the "new value" defense to a preference action, set out at § 547(c)(4) of the Bankruptcy Code (Title 11, U.S.C.), and specifically, whether a postpetition repayment by the debtor of a "new value" transfer defeats the defense. For the reasons set forth below, such a repayment does defeat the defense, and hence the motion for summary judgment will be denied.

## Jurisdiction

Federal district courts have exclusive jurisdiction over bankruptcy cases. 28 U.S.C. 1334(a). Pursuant to 28 U.S.C. 157(a), district courts may refer bankruptcy cases to the bankruptcy judges for their district, and, by Internal Operating Procedure 15(a), the District Court for the Northern District of Illinois has made such a reference of the pending case. When presiding over a referred case, a bankruptcy judge has jurisdiction, under 28 U.S.C. 157(b)(1), to enter appropriate orders and judgments in core proceedings within the case. Proceedings to avoid or recover preferential transfers are core proceedings under 28 U.S.C. § 157(b)(2)(F). This court therefore has jurisdiction to enter a final ruling on the pending motion.

## Findings of Fact

This adversary proceeding arises out of an involuntary petition filed against Login Brothers Book Company, Inc. on September 22, 2000. An order for relief was entered October 3, 2000 and Alex D. Moglia was appointed as Chapter 7 Trustee. On September 20, 2002, the trustee filed this proceeding to recover alleged preferential transfers from the American Psychological Association ("APA"). The complaint alleges that the debtor paid $73,972.96 to APA, during the 90 days prior to the bankruptcy filing, on account of prior indebtedness owing from the debtor to APA. In response, APA has asserted that, after the date of the alleged payments from the debtor, it delivered to the debtor, on credit, books worth $95,848.27. It is not disputed that the books were delivered on credit, after the alleged preferential payments, or that their value exceeded the amount of the alleged preference. However, after the filing of the bankruptcy case, the debtor returned the books to APA pursuant to court order. APA has moved for summary judgment,

asserting that its delivery of the books defeats the trustee's preference claim. The matter has been fully briefed.

### Conclusions of Law

Summary judgment is appropriate where the pleadings, affidavits, and other materials on file demonstrate that there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); *Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1119–20 (7th Cir.1998).

For purposes of its pending motion for summary judgment, APA assumes that the trustee has established the grounds for recovery of a preference under § 547(b) of the Bankruptcy Code—that is, that the debtor made payments to APA, on account of an antecedent debt, during the 90 days preceding its bankruptcy filing, and that these payments allowed APA to receive more on account of that debt than it would have in a Chapter 7 liquidation. However, APA relies on § 547(c)(4) of the Code to defeat the trustee's claim. Section 547(c)(4) provides:

> The trustee may not avoid under this section a transfer—
>
> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—
>
> (A) not secured by an otherwise unavoidable security interest; and
>
> (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor....

■ Under its terms, this "new value" or "subsequent advance" defense contains three key elements: (1) first, the creditor must give unsecured new value; (2) second, this new value must be given after the preferential transfer; and (3) third, the

new value must remain unpaid. *See In re Prescott*, 805 F.2d 719, 731 (7th Cir.1986) ("The creditor that raises a 'subsequent advance' defense has the burden of establishing that new value was extended, which remains unsecured and unpaid after the preferential transfer.").

■ The reason for requiring that the creditor's subsequent advance be unsecured and unpaid follows from the purpose of the new value defense, which is to recognize that when the recipient of a preferential payment grants a new extension of credit, it "gives back" the preference to the debtor's estate. *See Prescott*, 805 F.2d at 731 (7th Cir.1986) ("[T]he theory behind the [new value defense to] the trustee's avoiding power is that to the extent unsecured new value is given to the debtor after a preferential transfer is made, the preference is repaid to the bankruptcy estate.") A succinct summary of the operation of the new value defense, and its limitations, is set out in *In re Kroh Bros. Dev. Co.*, 930 F.2d 648, 652 (8th Cir.1991):

> The trustee is able to avoid preferences in bankruptcy for the sake of equality of distribution of assets among creditors. Therefore, a preference does not merely diminish the estate, it does so unfairly. *See* H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 177–78, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6138. A creditor who subsequently advances to the estate new value in an amount equal to the preference, however, "in effect returns the preference to the estate." *Erman v. Armco (In re Formed Tubes)*, 46 B.R. 645, 647 (Bankr.E.D.Mich.1985) (quoting 2 Norton, Bankruptcy Law & Practice § 32.20 (1981)). The debtor who makes a preferential transfer to a creditor who subsequently advances new value, then, has not "depleted the bankruptcy estate to the disadvantage of other creditors." *In*

re Florida Jet Sys., 841 F.2d [1082] at 1083 [(11th Cir.1988)]. Accord Bernstein v. RJL Leasing (In re White River Corp.), 50 B.R. 403, 409 (Bankr.D.Colo. 1985), rev'd on other grounds, 799 F.2d 631 (10th Cir.1986). But when a debtor pays for new value or the creditor retains a security interest in the new value, "there is in effect no return of the preference." In re Formed Tubes, 46 B.R. at 647. Thus, the relevant inquiry under section 547(c)(4) is whether the new value replenishes the estate. If the new value advanced has been paid for by the debtor, the estate is not replenished and the preference unfairly benefits a creditor.

Although the APA has established that its delivery of books to the debtor involved an advance of unsecured credit subsequent to the debtor's allegedly preferential payments to APA, the trustee argues that APA cannot establish that this advance was not itself repaid. The trustee points to his return of the books to APA as a "an otherwise unavoidable transfer" to APA on account of APA's new value, defeating the new value defense. As APA acknowledges, the postpetition return of the books was authorized by the court and therefore is unavoidable. 11 U.S.C. § 549.

■■■ The APA argues, however, that because it received the return of its new value after the filing of the bankruptcy case, it is not deprived of its new value defense. This argument is based solely on a reading of § 547(c)(4) stated in In re Energy Cooperative, Inc., 130 B.R. 781 (N.D.Ill.1991). However, the Energy Cooperative decision is not binding precedent,[1] and its rationale is not persuasive. In Energy Cooperative, the court held that a postpetition payment for new value did not result in the loss of the creditor's right to assert the same new value as a defense to the trustee's later asserted preference claim. 130 B.R. at 789. The court based this "postpetition repayment" exception on dicta in two prior cases to the effect that "additional post-preference unsecured credit must be unpaid in whole or in part as of the date of the petition." In re Almarc Mfg., Inc., 62 B.R. 684, 686 (Bankr.N.D.Ill.1986); see also In re New York City Shoes, Inc., 880 F.2d 679, 680 (3d Cir.1989) (emphasis added). However, Almarc Manufacturing and New York City Shoes both only addressed the question of whether a "new value" transfer by the creditor occurred before or after an allegedly preferential payment by the debtor; neither dealt with the situation of a postpetition repayment (or return) of a new value transfer and neither addressed any legal question raised by such a repayment or return. Thus, the statement in these cases that new value "must be unpaid ... as of the date of the petition" does not reflect any determination that a new value defense is still valid if repayment of the new value occurs after the petition date.

On the other hand, both the plain language and policy behind the statute indicate that the timing of a repayment of new value is irrelevant. The statutory requirement that new value not be repaid—set out at § 547(c)(4)(B)—contains no limitation on the time that the repayment or return of new value (the "otherwise unavoidable transfer to or for the benefit of such creditor") must occur. Interpreting the language of the Bankruptcy Code according to its plain meaning, as courts are generally required to do, see, e.g., Hartford Underwriters Ins. Co. v. Union Planters

---

1. The opinion of a single judge in a multi-judge district cannot establish precedent for the district binding on the bankruptcy courts.

City of Olathe v. KAR Dev. Assoc. (In re KAR), 180 B.R. 629, 640 (D.Kan.1995) (collecting authorities).

*Bank,* 530 U.S. 1, 10, 120 S.Ct. 1942, 1949, 147 L.Ed.2d 1 (2000), would not allow § 547(c)(4)(B) to be limited to prepetition repayment. And the policy behind the new value exception—that the estate be replenished by the new value—would be defeated if a creditor were allowed to keep a preferential payment of its debt on account of a new value contribution to the estate and also receive repayment of that contribution, regardless of whether the repayment occurred before or after the commencement of the bankruptcy case.

Accordingly, the trustee's assertion that APA's new value was returned, albeit postpetition, raises issues of fact as to the availability of the new value defense in this case, precluding an award of summary judgment on that basis. APA's motion for summary judgment will be denied by separate order.