LaShonda A. Hunt, United States Bankruptcy Judge
At issue before the court is the purely legal question of whether the law of this Circuit still holds that only unpaid new value can be used by a creditor to reduce preference liability under 11 U.S.C. § 547(c)(4)(B). After reviewing the parties' cross-motions for partial summary judgment and the applicable case law, the court concludes the answer to that question is yes.
Background
The parties agree on the salient facts.[1] Debtor Calumet Photographic, Inc. ("debtor"), filed for chapter 7 bankruptcy relief on March 12, 2014, and plaintiff Catherine Steege was appointed as case trustee ("Trustee"). In March 2016, the Trustee filed this adversary proceeding against defendant Canon U.S.A., Inc. ("Canon"), to avoid nearly $3 million in preferential payments made by debtor to Canon during the 90-days preceding the bankruptcy filing.[2] Canon responded to the complaint with new value and ordinary course defenses. Fact discovery concluded in January 2018, and expert discovery closed several months thereafter.
*881 Canon then moved for partial summary judgment on its new value defense pursuant to 11 U.S.C. § 547(c)(4)(B), which allows a creditor to offset its net preference liability by the amount of subsequent new value it provided to the debtor during the preference period. The parties agree that the new value for which the debtor never paid amounts to $1,351,792, although there is apparently an additional $124,311 in "unapplied credit memos" in dispute. The primary disagreement, at this point, involves the remainder of new value-$803,932-which Canon contends was paid by avoidable transfers.[3] Canon argues that a recent decision, In re OneStar Long Distance, Inc. , 872 F.3d 526 (7th Cir. 2017), expands application of the new value defense to allow offset "where debtor either never pays for the new value or makes an otherwise avoidable payment." (Canon Mem. at 5-6, Dkt. # 72). In other words, Canon asserts that its preference exposure may be reduced by both the new value unpaid by the debtor at the petition date and the new value paid by the debtor with avoidable transfers.
The Trustee opposes Canon's motion and has cross-moved for summary judgment on this point, citing In re Prescott , 805 F.2d 719 (7th Cir. 1986) and later cases, as binding precedent affirming that the Seventh Circuit adheres to the "remains unpaid rule," whereby only unpaid new value can reduce preference liability. (Trustee Resp. at 3-4, Dkt. # 83). In its reply brief, Canon challenges the Trustee's interpretation of Prescott -a case Canon curiously did not mention in its opening brief-as inconsistent with the "plain and unambiguous language" of Section 547(c)(4) and that provision's statutory history, as well as important policy considerations behind the new value defense. (Canon Rep. at 12-13, Dkt. # 87). The court has considered the well-reasoned arguments on both sides and concludes that the Trustee has the better position.
Analysis
Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (made applicable to adversary proceedings by Fed. R. Bankr. P. 7056 ); Estate of Allen v. City of Rockford , 349 F.3d 1015, 1019 (7th Cir. 2003). Here, the Trustee and Canon agree on the material facts, and with respect to the applicable law that the Seventh Circuit has held the defense in 11 U.S.C. § 547(c)(4)(B) applies to subsequent new value that remained unpaid as of the bankruptcy filing date. The dispute between the parties, then, centers on whether binding precedent interpreting the relevant statutory language also encompasses paid new value. Where "the only issue before the court is the meaning of a statutory phrase," resolution of that legal question on summary judgment is appropriate. Local 1239 v. Allsteel, Inc. , 9 F.Supp.2d 901, 902 (N.D. Ill. 1998).
Section 547(c)(4) of the Bankruptcy Code provides as follows:
The trustee may not avoid under this section a transfer-to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor-
(A) not secured by an otherwise unavoidable security interest; and
(B) on account of which new value the debtor did not make an otherwise *882 unavoidable transfer to or for the benefit of such creditor;
11 U.S.C. § 547(c)(4). Two distinct viewpoints have emerged among the Circuits with respect to interpretation of that language. In Prescott , the Seventh Circuit explained that:
The three requirements for a section 547(c)(4) defense were set forth in In re Saco Local Development Corp. , 30 B.R. 859 (Bankr. D. Me. 1983) :
Section 547(c)(4) establishes a subsequent advance rule whereby a preferential transfer is insulated from a trustee's avoiding powers to the extent that a creditor extends new value, which is unsecured and remains unpaid, to a debtor after the preferential transfer.
805 F.2d at 728. The opinion continues with a citation to two additional bankruptcy cases in support of the rule, In re Formed Tubes , 46 B.R. 645 (Bankr. E.D. Mich. 1985) and In re Bishop , 17 B.R. 180 (Bankr. N.D. Ga. 1982). Each of those courts had previously affirmed that the statute imposes those requirements, particularly the unpaid new value rule. See Formed Tubes , 46 B.R. at 647 ("if the creditor ... is paid for the new value by the debtor, there is in effect no return of the preference and the section 547(c)(4) defense is not available to the creditor"); Bishop , 17 B.R. at 183 ("the new value must go unpaid").
Since Prescott , the Seventh Circuit has consistently reiterated the new value remains unpaid requirement when analyzing preference actions. See e.g. , OneStar , 872 F.3d at 530 ("That is, the new value must remain unpaid in order to reduce the creditor's preference liability.") (emphasis added); Unsecured Cred. Comm. of Sparrer Sausage Co., Inc. v. Jason's Foods, Inc. , 826 F.3d 388, 397 (7th Cir. 2016) ("A creditor may avail itself of [the new value] defense if, after receiving a preferential transfer from the debtor, it advanced additional, unsecured credit that remains unpaid. ") (emphasis added); In re P.A. Bergner & Co. , 140 F.3d 1111, 1121 (7th Cir. 1998) (concluding that a new value defense fails because the creditor "gave no subsequent unsecured credit which remained unpaid ") (emphasis added). Lower courts in this district have likewise followed suit. See, e.g. In re GGSI Liquidation, Inc. , 313 B.R. 770, 777 (Bankr. N.D. Ill. 2004) (collecting cases). Indeed, the bankruptcy court in GGSI Liquidation soundly rejected the creditor's argument that "the law in this circuit does not require new value to remain unpaid." Id. at 778.
Nevertheless, the Seventh Circuit "remains unpaid" rule is the minority viewpoint among the Circuits. In In re BFW Liquidation, LLC , the Eleventh Circuit recently concluded that its prior precedent reciting the Prescott statutory requirements was nonbinding dicta, and held, instead, that "so long as the transfer that pays for the new value is itself avoidable, that transfer is not a barrier to assertion of § 547(c)(4)'s subsequent-new-value defense." 899 F.3d 1178, 1189 (11th Cir. 2018). The court described that holding as being on "common ground with the Fourth, Fifth, Eighth, and Ninth Circuits," Id. , and "in contrast" to the Seventh and Third Circuits that still "require new value to remain unpaid." Id. at 1189, n.9. Significantly, the Eleventh Circuit asserted that "[s]ince [ Prescott in 1986), "the Seventh Circuit has continued to follow that approach." Id. at 1189, n.9.
Canon nonetheless insists that language in the Seventh Circuit's 2017 OneStar decision indicates that the court has, in fact, shifted to the majority approach, but that is not so. In discussing the standard for excepting preferential transfers from avoidance under § 547(c)(4), the court explained *883 that "[i]f the debtor pays for the creditor's new value (and that payment isn't itself avoidable), then the new value is canceled out. That leaves only the preferential payment that § 547 is designed to address in the first place." OneStar , 872 F.3d at 530. Canon latches on to that parenthetical note as evidence of the court's change in position, (Canon Rep. at 4-5), but reading further in the opinion clearly demonstrates that Canon is taking that phrase out of context. Indeed, the court continues:
Accordingly, the Code disallows the new-value defense when 'on account of the new value, the debtor responds with 'otherwise unavoidable transfer to or for the benefit of [the] creditor.' § 547(c)(4)(B). That is, the new value must remain unpaid in order to reduce the creditor's preference liability. (emphasis supplied).
Id. In sum, the Seventh Circuit in OneStar certainly referenced the statutory language, which plausibly could be read as the majority of Circuits have done to include new value paid with avoidable transfers, but then reaffirmed its position that only unpaid new value counts. Thus, Canon's reliance on OneStar is misplaced.
In conclusion, Canon raises a number of interesting policy considerations for allowing both unpaid and paid new value to offset preference liability. (Canon Rep. at 12-14). After all, the preference defenses are designed "to encourage creditors to continue to sell on credit to a buyer slipping into bankruptcy and perhaps prevent the bankruptcy altogether." See Deborah L. Thorne, Inequality Among Preference Defendants: How Is That Fair? , Am. Bankr. Inst. J., Nov. 2014, at 24. And as the other Circuits have concluded, the "remains unpaid" rule is arguably inconsistent with that goal. See generally BFW Liquidation, LLC , 899 F.3d at 1192-99. But that is clearly not the interpretation of § 547(c)(4) that the Seventh Circuit has adopted. And this court must follow the decisions of that higher court. See GGSI Liquidation , 313 B.R. at 778, citing Reiser v. Residential Funding Corp. , 380 F.3d 1027, 2019 (7th Cir. 2004) (reiterating that decisions of courts of appeals are binding on lower federal courts in the same circuit). Consequently, "[t]he creditor that raises a 'subsequent advance' defense has the burden of establishing that new value was extended, which remains unsecured and unpaid after the preferential transfer." Prescott , 805 F.2d at 731. Canon is entitled to partial summary judgment, but only on the factual issue with respect to the portion of unpaid new value that was advanced. The Trustee is entitled to partial summary judgment on the question of the applicable law.
Conclusion
For the reasons stated above, defendant's motion for partial summary judgment is granted in part. This matter is continued to February 7, 2019, for a pretrial status hearing, to set a trial date on the remaining issues.

See Tr. Resp. to Def.'s Statement of Undisputed Facts, Dkt. # 84.

The parties do dispute whether the preference period ends on March 11, 2014 (one day before filing) or March 12, 2014 (the petition filing date), but resolution of that fact does not impact the court's analysis of the legal question presented in the cross-motions.

Canon did not present evidence establishing that these payments were otherwise avoidable. For purposes of the discussion, though, the court will assume arguendo its characterization is accurate.